# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>        *Plaintiff*<br><br>-v-<br><br>**ALLY FINANCIAL INC,**<br>        *Defendant* | § § § § § § § § § § | **W-19-CV-00592-ADA** |

| | | |
|---|---|---|
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>        *Plaintiff*<br><br>-v-<br><br>**BB&T CORPORATION,**<br>        *Defendant* | § § § § § § § § § § | **W-19-CV-00594-ADA** |

| | | |
|---|---|---|
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>        *Plaintiff*<br><br>-v-<br><br>**THE CHARLES SCHWAB CORPORATION,**<br>        *Defendant* | § § § § § § § § § § | **W-19-CV-00595-ADA** |

| | | |
|---|---|---|
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>        *Plaintiff*<br><br>-v-<br><br>**FIFTH THIRD BANK,**<br>        *Defendant* | § § § § § § § § § § | **W-19-CV-00596-ADA** |

| | | |
|---|---|---|
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>          *Plaintiff*<br><br>-v-<br><br>**MORGAN STANLEY,**<br>          *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **W-19-CV-00599-ADA** |
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>          *Plaintiff*<br><br>-v-<br><br>**REGIONS BANK,**<br>          *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **W-19-CV-00601-ADA** |
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>          *Plaintiff*<br><br>-v-<br><br>**USAA CAPITAL CORPORATION,**<br>          *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **W-19-CV-00606-ADA** |
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>          **Plaintiff**<br><br>-v-<br><br>**BOK FINANCIAL,**<br>          **Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **W-19-CV-00608-ADA** |
| **LIGHTHOUSE CONSULTING GROUP, LLC,**<br>          *Plaintiff*<br><br>-v-<br><br>**CAPITAL ONE, N.A.,**<br>          *Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **W-19-CV-00622-ADA** |

| | |
|---|---|
| **JACK HENRY & ASSOCIATES, INC.,** § <br> *Plaintiff* § <br> § <br> -v- § <br> § <br> **LIGHTHOUSE CONSULTING** § <br> **GROUP. LLC,** § <br> *Defendant* § | **W-19-CV-00682-ADA** |

## ORDER STAYING CASES

Lighthouse Consulting Group LLC is the plaintiff in nine of the ten above styled cases and the declaratory judgment defendant in the tenth case.[1] Lighthouse accuses each of the ten defendants of infringing U.S. Patents Nos. 7,950,698 and 8,590,940. *See, e.g.*, 6:19-CV-00592 ECF No. 1. The Markman hearing in these cases is set for September 4, 2020. *Id.* ECF No. 24.

Lighthouse filed similar cases against twelve other Defendants in the Eastern District of Texas also alleging infringement of the '698 and '940 Patents. *See, e.g.*, *Lighthouse Consulting Group, LLC v. Bank of America, N.A.*, 2:19-cv-00250-JRG-RSP (E.D. Tex.) ECF No. 1. Judge Gilstrap set the Markman hearing in those cases for May 5, 2020, before Judge Payne. *Id*. ECF No. 51 at 3.

The Court, *sua sponte*, **STAYS** the above styled cases pending the entry of Judge Payne's claim construction order.

### I.     Legal Standard

"A federal court has inherent power to stay, *sua sponte*, an action before it." *Guillory v. Beaumont Indep. School* District, No. 9:07-CV-163-TH, 2009 WL 10705652, at *2 (E.D. Tex. May 18, 2009) (quoting *Crown Cent. Petroleum Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98 (D. Md. 1984). "[T]he power to stay proceedings is incidental to the power inherent in every court

---

[1] Lighthouse also filed lawsuits against six other defendants alleging infringement of the same patents in the Waco division. Lighthouse voluntarily or jointly dismissed four cases. Defendants in the two remaining cases filed unopposed motions to stay pending Covered Business Method review, which the Court granted.

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court must weigh the competing interests of the court, the parties, and counsel when deciding whether to enter a stay. *Crown Cent. Petroleum*, 102 F.R.D. at 98.

### II.     Legal Analysis

While this Court does not typically grant stays—and certainly has not entered one *sua sponte* until now—given the unique facts of this situation, the Court believes that a stay is particularly warranted.

First, there are a particularly large number of cases. Currently, there are ten active Lighthouse cases and another two which were stayed pending CBM review. Second, because the same two patents are asserted in all ten cases, the cases appear to share the same issues. Third, the Markman hearing in the Eastern District will occur approximately four months before the Markman hearing in this district. Therefore, because it is quite likely that Judge Payne will enter a claim construction order in those cases even before the Markman hearing in this district will occur, staying the case after Judge Payne enters his order will, at minimum, reduce the number of claim construction issues, if not eliminate them all together. Therefore, the parties will initially benefit from the stay by avoiding parallel, potentially duplicative Markman briefing. The parties will also further benefit by having fewer—if any—claim construction issues to actually brief. For at least these reasons, the Court believes that staying the above styled cases would result in a particularly large increase in judicial efficiency.

On the other hand, there does not appear to be any discernible prejudice to Lighthouse by this stay for several reasons. First, the stay is relatively short. In fact, this stay may be significantly shorter than the stays in two Western District cases pending the resolution of two

CBMs reviews which Lighthouse did not oppose. Furthermore, even if this stay prejudices Lighthouse in some small way, this stay concomitantly reduces the amount of potentially duplicative Markman-related briefing that Lighthouse has to do in parallel with its Eastern District cases. For at least these reasons, the Court believes that Lighthouse will not be prejudiced by this stay.

### III.  Conclusion

For the reasons described herein, the Court, *sua sponte*, **ORDERS** that the above-styled cases are stayed until the entry of Judge Payne's Markman Order. It is also **ORDERED** that within 14 days of the entry of Judge Payne's Markman Order, the parties in each case will submit a joint proposed schedule—or absent any agreement, competing schedules—regarding claim construction or the remainder of the case if there are no remaining claim construction issues.

Finally, although the Court enters this stay *sua sponte*, the Court would like to reiterate that the particular facts of these cases present a unique situation wherein a stay would result in a particularly large increase in judicial efficiency without any discernible prejudice to a party. As such, the Court believes that *sua sponte* stays in other cases will be exceedingly rare.

**SIGNED** this 25th day of March, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE